United States District Court
Southern District of Texas
**ENTERED**
July 20, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Eriberto Hernandez Reynoso, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3212 |
| | § | |
| Randy Tate, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Eriberto Hernandez Reynoso is a native and citizen of Mexico who is charged with unlawfully entering the United States in 2005. Docs. 1 at 3, 16-1 at 2. On March 31, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b) pending removal proceedings, and he remains in the custody of Respondent, Warden of the Montgomery ICE Processing Center Facility, in Conroe, Texas. Docs. 1 at 3, 16 at 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; (iii) the Immigration and Nationality Act ("INA"), (iv) agency regulations concerning bond hearing entitlement,[1] (v) the Central District of

---

[1] To the extent Petitioner seeks to argue that his detention constitutes *ultra vires* action, the claim fails because "once it is determined that an act 'did not exceed the authority given to it by Congress,' the action is not ultra vires." *Jean v. Gonzalez*, 452 F.3d 392, 397–98 (5th Cir. 2006) (citation omitted). And if this is properly construed as *Accardi* Doctrine claim, the Court has previously rejected this challenge, holding that the acts and omissions of prior administrations do not bind the present from carrying out constitutionally permitted enforcement. *See Portillo de Marquez v. Mullin*, No. 4:26-cv-2073 (S.D. Tex. July 14, 2026).

California's holding in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873, 2026 WL 639921 (C.D. Cal. Feb. 25, 2026), and (vi) the Administrative Procedures Act. Docs. 1 at 5–8.

Now before the Court is Respondent's Motion to Dismiss and, in the Alternative, for Summary Judgment, Doc. 16, to which Petitioner has responded in opposition, Doc. 17. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during her removal proceedings. *See* Doc. 16 at 5–6; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

The Court has further resolved the precise challenges raised by Petitioner, determining that the United States may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, No. 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). This Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)). The Court has also held that it is neither bound by, nor inclined to follow, the Central District of California's opinion in *Maldonado Bautista v. Noem*. *See Leon-Fernandez v. Frink*, No. 4:26-cv-2130 (S.D. Tex. July 15, 2026).

As such, Respondent's Motion to Dismiss is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE the case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 20th of July, 2026.

Nicholas J. Ganjei
United States District Judge